The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 29 December 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, Montgomery Mutual provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on 29 December 1995.
5. On said date the plaintiff was earning an average weekly wage of $500.00.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on 29 December 1995; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
7. The parties further stipulate into evidence approximately 35 pages of medical records, a Form 22, a W-2 tax form for 1995, 52 canceled checks dated from 26 January 1995 to 22 December 1995 and a recorded statement of the plaintiff dated 27 February 1996.
8. The parties further stipulated as follows:
 a. The plaintiff had been working for the defendant-employer for approximately three years prior to the injury of 29 December 1995 when the last work duties were performed by the plaintiff for the defendant-employer.
 b. The plaintiff began work for another employer on 1 April 1996.
 c. A ten percent medical rating of the plaintiff's left foot was done on 13 May 1996.
Subsequent to the hearing on 9 January 1997, the parties entered the following documentation into the record by stipulation which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Approximately fifteen additional pages of medical records.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 29 December 1995, plaintiff, thirty-nine years of age who had been employed by the defendant-employer for approximately three years, was employed by the defendant-employer as a working supervisor.
2. On said date of 29 December 1995 while the plaintiff was operating a backhoe, his legs became dysfunctional (went to sleep) because of the edge of the seat on the backhoe pressing against the circulation of his blood to his lower extremities; and as he was stepping down from the backhoe to the ground, his left leg gave way causing a twisting and snapping of his left ankle and a fracture of the distal end of his left tibula accompanied with pain and shock. This was a fortuitous event that interrupted plaintiff's normal work routine and constituted an injury by accident.
3. Plaintiff worked the balance of 29 December 1995, which was a Friday, and on Monday, 1 January 1996 plaintiff's left foot condition had worsened to the extent that he advised the defendant-employer through his supervisor that he needed medical care and treatment for the said injury which he suffered on 29 December 1995.
4. Thereafter, plaintiff was medically diagnosed as having suffered a slight fracture of the left distal fibula, treated with a boot cast and medically taken out of work until 1 April 1996 when he was medically released to return to work which he did on said date for another employer.
5. During the course of plaintiff's medical treatment, he was released to light work but was not offered suitable light work by the defendant-employer.
6. The light work offered by the defendant-employer being located in an open building in cold weather with restroom facilities only accessible by climbing extensive stairs to a second story, which light work and the accommodations have been medically opined not satisfactory for plaintiff in his disabled condition, which medical opinion the undersigned adopts and finds as a fact.
7. On 29 December 1995, plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer when his legs became dysfunctional as a result of his blood circulation being cut off to his lower extremities.
8. Plaintiff reached maximum medical improvement on 13 May 1996 when his left foot was medically rated for permanent disability.
9. Plaintiff has sustained a ten percent rate of permanent disability of his left foot.
10. Plaintiff lost time from work as a result of the injury of 29 December 1995 from 1 January 1996 to 1 April 1996 when he returned to work for another employer.
11. Plaintiff was earning an average weekly wage of $500.00 on 29 December 1995.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 29 December 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation benefits from 1 January 1996 to 1 April 1996 at the rate of $333.33 per week. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to permanent partial disability compensation benefits for 14.4 weeks at the rate of $333.33 per week commencing 13 May 1996. N.C. Gen. Stat. § 97-31.
 ***********
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff in one lump sum temporary total disability compensation benefits from 1 January 1996 to 1 April 1996 at the rate of $333.33 per week, less the attorney fee hereinafter provided.
2. Defendants shall pay to plaintiff permanent partial disability compensation benefits for 14.4 weeks at the rate of $333.33 per week commencing 13 May 1996, less the attorney fee hereinafter provided.
3. Defendants shall pay all medical expense resulting from said injury up to the date of this Opinion and Award and no further when the same have been presented and approved as by law provided.
4. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to James R. Nance, Jr. for his services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
5. Defendants shall pay the costs.
This the ______ day of March 1998.
 S/ ______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db